IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANDREW FIELDS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil No. **03-625-JLF** |
| **C. FRANCIS, C/O HUBBARD,** ) | |
| **C/O SHANKS, C/O DOOLEY,** ) | |
| **C/O BLOOMINGSTOCK, C/O YOUNG,** ) | |
| **C/O MARTIN, and C/O ROGERS** ) | |
| ) | |
| Defendants. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's Motion to Compel Discovery. **(Doc. 62)**. Defendants have filed a Response. **(Doc. 63)**.

Plaintiff prays for an order compelling defendants to produce documents requested on March 8, 2005. However, his memorandum in support indicates that he is really seeking answers to interrogatories which were served on defendants' counsel on that date. In addition, he takes issue with the completeness of defendants' initial disclosures.

As to the interrogatories, defendants point out that plaintiff did not specify to whom the interrogatories were directed. Instead, he sent one set of questions directed to "the defendants." It is unclear whether plaintiff intended for each defendant to answer each question, or whether he contemplated some sort of "consensus" among defendants as to the answers.

Plaintiff must understand that the defendants are individuals and liability in this case is personal. The prison system as a whole is not a defendant. For that reason, the better practice in discovery is to direct discovery requests to specific individuals.

1

As for defendants' initial disclosures, plaintiff believes that he knows of specific documents that exist and should have been produced, such as witness statements, documents of an FBI agent, and memoranda created by staff who responded to a body alarm. These documents, and others, may or may not exist, and defendants may or may not be able to obtain them. As plaintiff has specific documents in mind, he should serve a request for production of documents asking for the specific documents that he wants. As the Court has previously instructed plaintiff, a request for production of documents should not be filed with the Court, but simply served upon defendants' attorney. **See, Doc. 58.**

For the foregoing reasons, plaintiff's Motion to Compel Discovery **(Doc. 62)** is **DENIED**.

Plaintiff is granted leave to revise his interrogatories, directing the questions to specific individual defendants, and to serve requests for production, also directed to specific individual defendants. Defendants shall then serve timely answers and/or objections, if appropriate. The Court reminds the parties that they have a duty to engage in good faith efforts to resolve discovery disputes on their own.

**IT IS SO ORDERED.**

**DATE: June 21, 2005.**

        **s/ Clifford J. Proud**
        **CLIFFORD J. PROUD**
        **UNITED STATES MAGISTRATE JUDGE**